```
 1                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF VIRGINIA
 2                        ABINGDON DIVISION

 3   UNITED STATES OF AMERICA,
                                      No. 2:16-cr-3
 4                    Plaintiff,
                                      Abingdon, Virginia
 5        vs.                        June 27, 2016
                                      1:33 p.m.
 6   JAMES MONROE COX,

 7                    Defendant.

 8        TRANSCRIPT OF ARRAIGNMENT AND COMPETENCY HEARING
              BEFORE THE HONORABLE PAMELA MEADE SARGENT
 9                  UNITED STATES MAGISTRATE JUDGE.

10   APPEARANCES:

11   For the Government:

12   MARTHA SUZANNE KERNEY-QUILLEN
     United States Attorneys Office
13   180 West Main Street, Suite B19
     Abingdon, VA 24210
14   276-628-4161

15


16   For the Defendant:

17   BRIAN JACKSON BECK
     Federal Public Defenders Office
18   201 Abingdon Place
     Abingdon, VA 24211
19   276-619-6080

20


21   Transcribed by:   Carol Jacobs White
                        Official Court Reporter (Retired)
22                      Registered Diplomate, Realtime Reporter
                        PO Box 182
23                      Goode, VA 24556
                        Carol.jacobs.white@gmail.com
24
          Proceedings recorded by FTR; computer-assisted transcription.
25
```

1       (Call to Order of the Court at 1:33 p.m.)

2            THE COURT:  Good afternoon.

3            The Court has before it this afternoon the case of the

4    *United States of America versus James Monroe Cox*.  It is Case No.

5    2:16-cr-3.

6            Mr. Cox is before the Court today for a competency

7    hearing.  Mr. Cox previously had appeared before the Court.  And

8    the Court had ordered an evaluation, psychological evaluation, to

9    be conducted on Mr. Cox.

10           That evaluation has now been conducted.  The evaluator's

11   report has been filed with the court under seal and should have

12   been shared to both counsel.  And the Court has that report before

13   it.

14           What I was looking to see is this, is I don't believe

15   that we conducted -- yes, I don't believe we conducted an

16   arraignment at the time that he was before the Court previously.  I

17   think the Court ordered -- approved a motion for the psychiatric

18   examination.  And I don't think any arraignment was conducted.  So

19   we need to conduct that as well.

20           All right.  Let me ask the government and defense

21   counsel, do either counsel have any evidence to consider on the

22   issue of competency other than that contained in the report that

23   has been filed with the court?

24           MS. KERNEY-QUILLEN:  No, Your Honor.

25           THE COURT:  All right.  Mr. Beck?

1         MR. BECK:  No, Your Honor.

2         THE COURT:  Then, based on the evidence contained in the

3    evaluator's report, I am going to find that Mr. Cox is competent

4    for these matters to go forward at this time.  According to the

5    evaluator's report, the evaluator has determined that he does not

6    presently suffer from a mental disease or defect to the extent that

7    it affects his ability to adequately assist his counsel in his

8    defense and/or to understand the nature of the charges against him

9    or the proceedings.  Therefore, based on the evidence contained in

10   the report, I'm going to find -- I'm going to find Mr. Cox

11   competent for these matters to go forward.

12        Now, that being said, I need to go forward and conduct

13   Mr. Cox's arraignment.

14        Mr. Cox, if you'll stand, so I might address you, sir.

15        Mr. Cox, what I'm going to do, sir, is I'm going to go

16   over the charges contained in the indictment against you.  After I

17   go over those charges, I'm going to ask you if you understand what

18   you are charged with.

19        Now, I want to caution you, I'm not going to ask you to

20   make any statements regarding the charges.  You need to understand,

21   if you voluntarily make any statements regarding the charges, those

22   statements can be used against you.  Do you understand that, sir?

23        THE DEFENDANT:  Yes, ma'am.

24        THE COURT:  Okay.  My purpose, sir, is simply to make

25   sure you understand the charges.  Okay?  I'm not going to ask you

1    any other questions than that.  All right?

2           You are charged, sir, in a multiple count indictment.

3    Count One of that indictment charges you with violating Title 18,

4    United States Code, Section 876(c).  That's the same count

5    contained in Count Two and Count Three.  It is three counts of the

6    same charge.  Okay?  That charge is a charge of causing to be

7    delivered by the postal service a communication addressed to

8    another person who contained -- and containing a threat to injure

9    that person.

10          So, basically, it is a charge of mailing a communication

11   which contains a threat to injure the person who the threat is

12   mailed to, is what it appears to be.

13          I was just looking to see if each of these involves

14   -- and they apparently do.  Each of them involve mailing a threat

15   to a United States judge or official covered by Title 18, United

16   States Code, Section 1114.

17          It is alleged that certain communications on August 30 of

18   2013, on April 29 of 2015, and on October the 2nd, 2015, are the

19   basis for the charges.

20          All right, Mr. Beck, have you had a chance to go over the

21   charging indictment with your client?

22          MR. BECK:  I have, Your Honor.

23          THE COURT:  Mr. Cox, do you believe you understand the

24   charges against you, sir?

25          THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  All right.  If you'll direct your attention

2   to Ms. Kerney-Quillen at this time, she's going to advise you again

3   with regard to the charges you face and the maximum penalties for

4   those charges.  The Court will then take your formal plea to the

5   charges and set your trial date.

6          Thank you.

7          MS. KERNEY-QUILLEN:  Mr. Cox, before advising you of the

8   penalties with regards to these offenses, I need to verify some

9   information with regards to your identifiers.

10          And, sir, you are James Monroe Cox; is that correct?

11          THE DEFENDANT:  Yes, ma'am.

12          MS. KERNEY-QUILLEN:  What is your date of birth?

13          THE DEFENDANT:  6-22-79.

14          MS. KERNEY-QUILLEN:  And your social security number?

15          THE DEFENDANT:  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.

16          MS. KERNEY-QUILLEN:  And, sir, you are currently

17   incarcerated; is that correct?

18          THE DEFENDANT:  Yes, ma'am.

19          MS. KERNEY-QUILLEN:  And prior to your indictment you

20   were incarcerated at Red Onion State Prison?

21          THE DEFENDANT:  Yes, ma'am.

22          MS. KERNEY-QUILLEN:  And where are you housed now?

23          THE COURT:  Southwest Regional Jail, here in town,

24   Mr. Cox?

25          THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Here in Abingdon?  Okay.

2          MS. KERNEY-QUILLEN:  And, Mr. Cox, with regards to the

3    charges against you, Counts One and Two and Three all charge

4    mailing a threatening communication addressed to a United States

5    Judge, a federal law enforcement official, or an official covered

6    under 18, United States Code, Section 1114.

7          The maximum term of imprisonment for each of those three

8    counts is not more than ten years, a fine of up to $250,000, a term

9    of supervised release of not more than three years, and a mandatory

10   assessment of $100 as to each count.

11         And, Mr. Cox, do you understand the penalties with

12   regards to each of those three counts?

13         THE DEFENDANT:  Yes, ma'am.

14         MS. KERNEY-QUILLEN:  And, Mr. Cox, how do you plead with

15   regards to Counts One, Two, and Three?

16         MR. BECK:  It is his wish that he enter a plea of not

17   guilty.

18         THE COURT:  All right.  That is correct, Mr. Cox?  You

19   wish to plead not guilty?

20         Yes, sir, is that correct?

21         THE DEFENDANT:  I'm guilty.

22         THE COURT:  Well, Mr. Cox, what I'm going to do at this

23   point is I'm going to enter a plea of not guilty on your behalf.

24   And the reason is this, is because, as a magistrate judge, I can't

25   take your guilty plea unless it is referred to me by the district

1  court judge.  And the parties have to agree to that.

2          Now, you'll have plenty of time to talk with your counsel

3  and change your plea.  And you won't be in any way prejudiced by

4  doing that.  Okay?  But after you talk at greater length to your

5  counsel, if it is your desire to plead guilty, the court will set

6  you for a guilty plea hearing.  That could be in front of the

7  district court judge, or, if you agree, I can take that.  But that

8  will give you and your counsel a little more time to talk regarding

9  the case.

10          Like I said, it won't be any prejudice to you to take the

11  time and talk to your counsel about it.  Okay?  All right.  It

12  won't result in any way in you being sentenced more severely if you

13  take a few weeks and talk to him.  You have got plenty of time up

14  to your pretrial conference date.  Okay?

15          THE DEFENDANT:  It is just -- it is just --

16          THE COURT:  Now -- now, Mr. Cox, I will be glad to hear

17  you.  Okay?  And it is not that I want to cut you off and not talk

18  to you.  But I know your counsel would advise you and I would

19  advise you that any statements you make here in court can be used

20  against you.  Okay?

21          So I -- I would advise you to let me enter the not guilty

22  plea on your behalf.  Let's set your trial date.  Then you'll have

23  a more adequate time to talk to Mr. Beck.  And if you want to plead

24  guilty, we'll set you for a guilty plea hearing.  Okay, sir?  All

25  right.

1    All right.  And it is no inconvenience to the Court or

2  anyone.  Okay?

3    All right.  Now, before I took the bench, Mr. Cox, the

4  court consulted with the clerk and counsel.  And they have set your

5  trial date.  It has been set fairly quickly.  It is set for August

6  the 31st through September the 1st.  That's within speedy trial.

7  It will be at nine o'clock in Big Stone Gap.  And we set your final

8  pretrial conference for August the 16th at 11:00 a.m.  That will be

9  here in Abingdon.  Okay?  So you will have a little bit of time to

10  talk with your counsel and make a decision, a reasoned decision,

11  about what you want to do.

12    It is your decision, okay?  After you talk with your

13  counsel, Mr. Cox, it is your decision what you want to do as far as

14  your plea in the case.  All right?  But, if -- after you talk with

15  your counsel, if you want to set the matter for a guilty plea

16  hearing, we can do that.  Okay?  All right.

17    Now, my understanding is Mr. Cox is still serving his

18  active sentence; am I right?

19    MR. BECK:  That is correct, Your Honor.

20    THE COURT:  And if I didn't do it previously, I'll do a

21  detention order with regard to him.

22    But, Mr. Cox, I do want to address one thing with you,

23  sir.  I know you injured yourself this weekend.  Okay?  And I'm

24  very concerned about that.  I have looked at your report at length.

25  When it first came to me, I looked at it at length.  And it took us

1    a little while to get this report.  I believe I only got it last

2    week.  For some reason you got back here before your report made it

3    back.  And so I try to look at all of these reports on a very

4    timely basis, as soon as they come in.  And some of the things that

5    were revealed in that report concerned me.  All right?

6              Now, Mr. Cox, I mean, here is just the plain and simple

7    truth, okay?  No matter what kind of lockdown I put you on, no

8    matter what we do, short of putting you literally in a

9    straitjacket, I can't keep you from hurting yourself, sir.  Okay?

10   I know that.  But what I'm going to do is I'm going to ask you not

11   to do it.

12             The evaluators say to me that you suffer from some

13   personal -- some personality disorders that drive this behavior.

14   Okay?  What I'm going to tell you, Mr. Cox, is this.  You don't

15   have to hurt yourself.  You don't have to hurt yourself.  We can

16   get you some mental health counseling while you are being held.

17   But you don't have to do that.  If you are doing it to gain my

18   attention, to gain the Marshals Service attention, to gain

19   somebody's attention, it is not worth it, sir.  Okay?

20             If you have an inquiry that you need to make of the

21   Court, all you have to do is ask to speak to your counsel or ask to

22   speak to one of the representatives of the Marshals Service.  We'll

23   speak to you.  The Court will hear you.  You don't have to hurt

24   yourself to get attention.

25             Do you understand that, sir?

```
 1                THE DEFENDANT:  Yes, ma'am.

 2                THE COURT:  I mean, I'm really concerned about that,

 3    Mr. Cox.  And I do not want you to engage in this behavior again.

 4    And I want to tell you, if you have a concern, all you have to do

 5    at that facility is if you ask to speak to a representative of the

 6    Marshals Service, they'll speak to you.  They are in and out of

 7    that facility every day.  These gentlemen, they are here in court.

 8                If Mr. Cox needed to talk to you, you-all would have no

 9    trouble talking to him; correct, gentlemen?

10                THE MARSHAL:  Correct.

11                THE COURT:  All you have got to do -- if you have got a

12    problem with your conditions of confinement or something needs to

13    be brought to somebody's attention, don't hurt yourself, Mr. Cox.

14    Bring it to our attention.  Mr. Beck will tell you, if you bring it

15    to his attention -- I always tell counsel, bring things to my

16    attention.  So you don't have to do that.  And, you know, I

17    understand that I can't stop you from doing it, but I'm asking you

18    to please not do it to yourself, sir.  Okay?

19                THE DEFENDANT:  Yes, ma'am.

20                THE COURT:  All right.  I mean, you are worth not doing

21    that to yourself.  Okay?

22                I don't know why we're here exactly.  I don't know why

23    these things happened.  But I can tell you, we're going to treat

24    you fairly.  You are going to be treated with respect.  You are

25    going to be treated with courtesy by the people who transport you
```

1   to court, by this court.  But I'm just going to please ask you not

2   to harm yourself while you are in custody.  All right, Mr. Cox?

3               THE DEFENDANT:  Yes, ma'am.

4               THE COURT:  Now, do you have any questions of the Court

5   today?

6               THE DEFENDANT:  No, ma'am.

7               THE COURT:  All right.  Well, you just make sure, if you

8   have things to bring to the Court's attention, remember, you don't

9   have to do anything like that to gain the Court's attention.  All

10  you have to do is make an inquiry.  Okay?  Even if I have to have

11  you brought back in court to address you, I'll be glad to do that.

12  Okay?

13              All right.  Counsel, is there anything further we need to

14  take up in Mr. Cox's cases --

15              MS. KERNEY-QUILLEN:  No, Your Honor.

16              MR. BECK:  No, Your Honor.

17              THE COURT:  -- at this time?

18              All right.  If there's nothing further, then the court

19  will stand in adjournment.

20       (Thereupon, these proceedings were adjourned at 1:46 p.m.)

21       I, court-approved transcriber, certify that the foregoing is a

22  correct transcript from the official electronic sound recording of

23  the proceedings in the above-entitled matter.

24
            _____/s/ Carol Jacobs White_____       ___March 21, 2017___
25            Signature of Approved Transcriber          Date